PAUL J. HETZNECKER, ESQUIRE
Attorney I.D. No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
215 893-9640                                    Attorney for Defendant, Nayeem Gordon

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| VS. | : | |
| NAYEEM GORDON | : | NO. 15-496 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A BRADY HEARING REGARDING THE GOVERNMENT'S USE AND TERMINATION OF A CONFIDENTIAL SOURCE**

**TO THE HONORABLE LEGROME D. DAVIS, JUDGE, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:**

Defendant, Nayeem Gordon, by and through his attorney, Paul J. Hetznecker, Esquire, files Defendant's Motion for a Brady Hearing Regarding the Government Use and Termination of a Confidential Source and submits the following in support thereof:

During the probable cause hearing for Nayeem Gordon on September 29, 2015, Special Agent Sampson was called to testify by the government. During the course of his testimony, Special Agent Sampson admitted that the was aware that the confidential source (CS), he used to gather information in this case against Mr. Gordon had previously been convicted of robbery, gun and drug offenses. Significantly, there is no reference to the criminal history of the confidential source (CS) in the Affidavit of Probable Cause.

- 1 -

Furthermore, the CS was on state parole and getting paid by the DEA while gathering information for the DEA to be used against Mr. Gordon. Furthermore, Agent Sampson testified that this was a first time informant who was eventually discharged as an informant as he was dealing drugs at the same time he was working as an informant. Specifically, Agent Sampson admitted on cross-examination that the CS in violating the agreement had lied to agent.

After the warrant was issue and in the midst of the affidavit, it was "discovered" that the confidential source (CS) was completely untrustworthy.

The circumstances of the government's decision to terminate the relationship with the CS is exculpatory information which must be provided to the defense prior to trial.

Defendant Gordon requests an evidentiary hearing so that not only the benefits received from the confidential source are disclosed by the government, but the decision and timing of that decision to terminate the confidential source must also be disclosed as Brady material.

**LEGAL ARGUMENT**

Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecutor has an obligation to disclose "evidence favorable to an accused" individual so long as it is "material either to guilt or to punishment." 373 U.S. 83, 87, 83 S.Ct. 1194 10 L.Ed. 2d 215 (1963) Evidence is "material" if there is a reasonable probability that, "had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Freidman, 658 F.3d 342, 357-58 (3rd Cir. 2011) (quoting United States v. Bagley, 473 U.S. 667, 683, 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1985)). "The prosecution must also disclose evidence that goes to the credibility of crucial prosecution witnesses." Buehl v. Vaughn, 166 F.3d 163, 181

(3rd Cir. 1999) (citing Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 S. Ct. 763, 31 L.Ed. 2d 104 (1972)) Referred to as Giglio material, this evidence is a subset of Brady material insofar as it addresses situations in which certain evidence about a witness's credibility or motivation to testify exists, and where "the reliability of a given witness may well be determinative of guilt or innocence." Giglio, 405 U.S. at 154, 92 S.Ct. 763 (citing Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959)).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." Higgs 713 F.2d at 44; United States v. Blackwell, 954 Supp. 944, 68 (D.N.J. 1997)

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials. See, Starusko, 729 F.2d at 261(citing United States v. ex rel Marzeno v. Gengler, 574 F.2d 730, 739 (3rd Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3rd Cir. 1977)); see also, United States v. Giampa, 904 F.Supp. 235, 281 (D.N.J. 1995).

Frequently the government asserts that the identity of the confidential informant should not be disclosed. In Rovario v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the government's privilege to withhold from disclosure the identity of continental informants. However, the Court held that this privilege has limitations. Specifically, where

the disclosure of an informant's identity or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. 353 U.S. at 60-61. As the courts have recognized, the privilege of the government under <u>Rovario</u> does not abrogate the government's duty to disclose under <u>Brady</u>. <u>United States v. Savage</u>, 2013 W.L. 398914 (U.S.E.D. PA, 2013)

In this case, the reasons and circumstances under which the confidential source was terminated is exculpatory information which must be disclosed to the defense.

**WHEREFORE**, the Defendant, Nayeem Gordon, respectfully requests disclosure all documents related to the hiring of the confidential source, the termination of the confidential source, as well as the reasons for his/her termination.

                                      **Respectfully submitted,**

                                      **/s/ Paul J. Hetznecker, Esquire**
                                      **PAUL J. HETZNECKER, ESQUIRE**
                                      **Attorney for Defendant, Nayeem Gordon**

**DATE:**     <u>**April 3, 2017**</u>

**CERTIFICATE OF SERVICE**

I, Paul J. Hetznecker, hereby certify that a true and correct copy of **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING REGARDING THE GOVERNMENT'S USE AND TERMINATION OF A CONFIDENTIAL SOURCE** was served on the following via the Court's electronic filing system (ecf):

> Mary Theresa Soltis, Esquire
> Assistant United States Attorney
> 615 Chestnut Street
> Suite 1250
> Philadelphia, PA 19106-4476

/s/ Paul J. Hetznecker, Esquire
Paul J. Hetznecker, Esquire
Attorney for Defendant, Nayeem Gordon

DATE:      April 3, 2017