IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-496-1 |
| NAYEEM GORDON | |

## MEMORANDUM OPINION

Defendant Nayeem Gordon requests compassionate release[1] from prison in consideration of the dangers posed by COVID-19. For the reasons that follow, Gordon's motion will be denied.

### I. BACKGROUND

In December 2018, a jury found Gordon guilty of various drug trafficking offenses.[2] Then, in October 2019, Gordon pleaded guilty to several other drug charges related to the same trafficking operation.[3] Gordon was subsequently sentenced to 204 months' imprisonment. He is currently incarcerated at FDC Philadelphia,[4] with an anticipated release date of March 13, 2030.

---

[1] Gordon mailed a letter to this Court, requesting compassionate release. The letter was docketed and will be construed as a motion. Though Gordon does not identify a particular statutory provision in his letter, he refers to "compassionate release," and the Court understands his request as a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).

[2] Specifically, Gordon was found guilty of nine counts of distribution of phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); nine counts of distribution of PCP within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); and two counts of possession with intent to distribute more than 100 grams of PCP, in violation of 21 U.S.C. § 841(a)(1).

[3] Gordon pleaded guilty to conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of PCP, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); 23 counts of possession with intent to distribute phencyclidine, in violation of 21 U.S.C. § 841(a)(1); four counts of possession with intent to distribute PCP within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

[4] As of the writing of this opinion, two inmates and two staff members have tested positive for COVID-19. Four inmates and three staff have recovered. *See* https://www.bop.gov/coronavirus//.

Gordon alleges that he suffers from a heart murmur and is pre-diabetic, and that these health conditions render him especially susceptible to complications from COVID-19. Gordon also states that the possibility of contracting COVID-19 while incarcerated "causes [him] to have severe anxiety attacks." On the basis of these conditions, Gordon moves for compassionate release. The Government opposes, noting that Gordon has failed to exhaust his administrative remedies. The Government also notes that Gordon has not provided any evidence of his alleged medical conditions.

## II.  DISCUSSION

Section 3582(c) "allows incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Before a court may consider a defendant's petition and engage in aforementioned analysis, however, the defendant must have exhausted his administrative remedies within the prison system. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Since this requirement is prescribed by statute, it cannot be waived, *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (explaining that where "Congress has . . . clearly required exhaustion . . . it is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis" (internal quotations and citations omitted)), and "strict compliance" is required, *United States v. Raia*,

2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").

Here, there is no evidence that Gordon made a request for compassionate release to the prison before petitioning this Court.  Because Gordon has failed to exhaust his administrative remedies, his request for compassionate release must be denied at this time.  However, Gordon may file another motion for compassionate release in the event that he requests compassionate release from the prison and such request is denied, or, in the event that 30 days elapse from the date of such request without a response.

An appropriate order follows.

August 24, 2020                                      BY THE COURT:


                                                       */s/ Wendy Beetlestone*
                                                       **WENDY BEETLESTONE, J.**