IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>NAYEEM GORDON,<br>Defendant. | CRIMINAL ACTION<br><br><br><br>NO.  15-00496 |

## MEMORANDUM OPINION

For a second time, Defendant Nayeem Gordon moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19.  For the reasons that follow, his motion will be denied.

**I.    BACKGROUND**

In December 2018, a jury found Gordon guilty of various drug trafficking offenses.[1] Then, in October 2019, Gordon pled guilty to several other drug charges relating to the same trafficking operation.[2]  Gordon was subsequently sentenced to serve 204 months in prison.  He is currently incarcerated at the Federal Correctional Institution McKean in Lewis Run, Pennsylvania ("FCI McKean").

On August 17, 2020, Gordon filed a letter requesting "compassionate release," which was denied for failure to exhaust administrative remedies.  18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all

---

[1] Specifically, Gordon was found guilty of nine counts of distribution of phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); nine counts of distribution of PCP within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); and two counts of possession with intent to distribute more than 100 grams of PCP, in violation of 21 U.S.C. § 841(a)(1).

[2] Gordon pled guilty to conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of PCP, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A); 23 counts of possession with intent to distribute phencyclidine, in violation of 21 U.S.C. § 841(a)(1); four counts of possession with intent to distribute PCP within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation  of 18 U.S.C. § 922(g)(1).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

On or about January 24, 2022, Gordon requested compassionate release from the warden of FCI McKean, which was denied. On March 25, 2022, Gordon filed the instant Motion and requested that his sentence be reduced.

In his instant motion, Gordon claims that he is obese, as is evidenced by his body mass index which is over 31, and that he suffers from asthma. He states that these conditions render him especially susceptible to complications if he were to contract COVID-19. Moreover, Gordon is critical of the Bureau of Prison's ("BOP's") response to the virus, stating that it has "fail[ed] to prevent the spread of COVID-19", "fail[ed] to provide adequate medical staffing" and has not tested inmates on a routine basis. He further complains of harsh conditions of confinement at FCI McKean because, *inter alia*, "inmates have been stripped of normal privileges" and have endured restrictions on recreation and increased lockdowns. Gordon contends that taken together, his underlying health conditions, the dangerous conditions of prisons, the fact that he has taken classes while incarcerated and that he has a community and home to return to if released constitute extraordinary and compelling reasons which merit relief from his sentence.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term

of imprisonment. . . ."). Specifically, provided the prisoner has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a prisoner's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(1)(A)(2).

Here, Gordon has exhausted his administrative remedies by unsuccessfully seeking compassionate relief from the warden of FCI McKean, and his motion is therefore ripe for consideration.  His sentence may therefore be reduced if: (1) extraordinary and compelling circumstances warrant such a reduction; (2) he is not a danger to the safety of another person or to the community; and, (3) release is appropriate in consideration the relevant factors set forth in Section 3553(a).

A.  **Changes in the Interpretation of "Career Offender"**

One of Gordon's arguments for "compassionate release" is that he no longer qualifies as a career offender after two recent decisions by the Supreme Court in *Borden v. United States*, 141 S.Ct. 1817 (2021) and the Third Circuit in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), *cert. granted and judgment vacated*, 142 S. Ct. 56 (2021).  Gordon argues that, applying these decisions, the recommended range under the U.S. Sentencing Guidelines would be lower than the range determined at his sentencing, and his current sentence should therefore be reduced.

Merits aside, this argument cannot be raised in a motion for compassionate release. Rather, "[c]onvictions and sentences can be challenged on direct appeal or in the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Albanese*, 2021 WL 2400762, at *3 (E.D. Pa. June 11, 2021). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."); *United States v. Millhouse*, 2022 WL 396100, at *2 n.5 (3d Cir. Feb. 9, 2022) (per curiam) ("[t]o the extent that Millhouse was challenging his conviction based on *Johnson*, a motion for compassionate release is not the proper avenue to have raised such a challenge"); *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021) ("Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."). Accordingly, neither the *Borden* nor the *Nasir* decisions give rise to "extraordinary and compelling" reasons to grant Gordon release pursuant to § 3582(c)(1)(A). *See, e.g.*, *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021) (explaining that subsequent changes in sentencing rules are "neither an extraordinary nor a compelling reason to now reduce that same sentence." (quoting *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring)).

B.  **Extraordinary and Compelling Circumstances**

While Section 3582 does not define "extraordinary and compelling" circumstances that warrant relief, the Sentencing Commission's policy statement elaborates on the term in an application note. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). According to U.S.S.G. § 1B1.13, a defendant's serious physical or medical condition is "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a

4

correctional facility and from which he . . . is not expected to recover." *Id.* It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).

Gordon claims to suffer from obesity and asthma, which substantially diminish his ability to provide self-care while incarcerated during the COVID-19 pandemic. He claims that his body mass index is over 31, which falls under the Center for Disease Control's ("CDC's") definition of obese. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 25, 2022); *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that a court may take judicial notice of information on a government website). The CDC has also identified asthma as an underlying medical condition that place a person at an increased risk of severe illness in the event of a COVID-19 infection, if the asthma is moderate or severe. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 25, 2022). Notably, the medical conditions Gordon complains of in this motion are different from those raised in his prior motion for compassionate release. In that motion, Gordon alleged that he suffered from a heart murmur and is pre-diabetic. *See United States v. Gordon*, 2020 WL 5017641, at *1 (E.D. Pa. Aug. 24, 2020). Gordon has not provided evidence in support of any of his alleged conditions.

If true, Gordon's medical conditions would present a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13. The veracity of his alleged conditions need not be reached, because as discussed below, release would be incompatible with

the Section 3553(a) factors.[3]

### C. Section 5533 Factors

Nevertheless, Section 3582(c) permits a district court to reduce a defendant's sentence based on a qualifying medical condition only "after considering the factors set forth in section § 3553(a) [4] to the extent that they are applicable[.]"  18 U.S.C. § 3582(c)(1)(A); *United States v. Babbitt*, 496 F. Supp. 3d 903, 914 (E.D. Pa. 2020) ("Not every defendant who presents a qualifying extraordinary and compelling reason is entitled to relief under Section 3582(c)(1)(A).").  In consideration of the relevant factors under Section 3553(a), in particular the seriousness of Gordon's offense and the time remaining on his sentence, his request for compassionate release will be denied.

Section 3553(a) directs the court to consider the nature and circumstances of the offense, as well as the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from future crimes of the defendant.  The numerous drug trafficking and firearm offenses for which Gordon is incarcerated are unquestionably serious and pose a threat to the health and well-being of the community.  *See United States v. Santiago*, 2020 WL 4015245, at *4 (E.D. Pa. July 15, 2020) ("[D]efendant pleaded guilty. . . for trafficking large quantities of drugs and illegally purchasing firearms. . . .

---

[3] For this same reason, there is no need to address whether Gordon poses a danger to the safety of another person or the community as provided in 18 U.S.C. § 3142(g).

[4] Section 3553(a) directs a sentencing court to consider, as relevant here:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

These crimes are of a serious nature and underscore the danger defendant poses to the community."). Release after serving so little of his 204-month sentence would not reflect the serious nature of his crimes and would fail to deter such conduct. *See United States v. Daniels*, 2020 WL 4674125, at *3 (E.D. Pa. Aug. 12, 2020) (finding that "compassionate release at this stage . . . would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for his offense" where inmate suffered from obesity, but has served less than half of 180-month sentence as an armed career criminal); *United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (affirming district court's denial of compassionate release where petitioner had served less than two years of a 15 year sentence).

Section 3553(a) also directs the court to consider the relevant characteristics of the defendant—here, his health concerns—and the need to provide for medical care in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(D). Neither of these factors weigh in favor of compassionate release. While Gordon's alleged obesity and asthma places him at a general increased risk in the event of a COVID-19 infection, Gordon has neither alleged nor demonstrated that FCI McKean is unable to provide him with medical care for his health concerns or protect against the risk of infection; he only raises general complaints against the BOP.

Indeed, as of the date of this opinion, FCI McKean currently has no positive cases among its staff or its inmates. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Apr. 8, 2022); *Vanderklok*, 868 F.3d at 205 n.16 (noting that a court may take judicial notice of information on a government website). Where, as here, a petitioner relies on "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone" compassionate release cannot be independently justified.

7

*See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  Indeed, "[m]ost, though not all, of the cases where compassionate release has been granted also involved some showing that COVID-19 is actually present, usually to a significant degree, in the facility where the prisoner is incarcerated." *United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020).  In short, Gordon has not demonstrated a significant increased risk of COVID-19 infection at his facility. *See United States v. Buckman*, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low or even at zero . . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

For the reasons set forth above, Gordon's motion will be denied.

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**